**UNITED STATES of America, Appellee,**

v.

**Kieth O. STOURAL, Appellant.**

**No. 92–3205.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 5, 1993.

Decided April 1, 1993.

Michael F. Gutowski, Omaha, NE, for appellant.

Douglas R. Ssemisch, Omaha, NE, for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Kieth O. Stoural pleaded guilty to one count of conversion of collateral pledged to the Farmers Home Administration, in violation of 18 U.S.C. § 658. The district court sentenced Stoural to five years probation, with six months home confinement, and ordered him to pay full restitution. In addition to the standard conditions of probation, the district court imposed the following special conditions of probation on Stoural:

1) ... [Stoural] shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

2) [Stoural] shall submit to and pay for such testing as any person involved in supervising the defendant's probation may request to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has reverted to the use of any of them.

3) [Stoural] shall be subject to search and seizure of the defendant's premises, vehicle or person, day or night, with or without warrant, at the request of any person involved in supervising the defendant's probation to determine the presence of alcoholic beverages or controlled substances; any such person may make such a request without the cooperation of law enforcement officers.

Stoural challenges the addition of these special conditions to his probation sentence. He contends that the provisions prohibiting the purchase, possession, and the use of any alcohol and subjecting him to warrantless searches for alcohol and drugs at any time, are not reasonably related to the crime to which he pleaded guilty or to the purposes for his sentence.

In our recent case, *United States v. Prendergast*, 979 F.2d 1289, 1293 (8th Cir. 1992), we concluded that the Nebraska district court abused its discretion when it imposed these exact conditions on Prendergast's supervised release after considering the factors set forth in 18 U.S.C. § 3583(d). We now conclude that the result should not be different because the district court imposed these conditions on Stoural's probation under 18 U.S.C. § 3563. Section 3583(d) provides that a court may impose a further condition as long as it is "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); and ... it involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." Section 3563(b) provides virtually the same provisions: the court may provide further conditions of probation if they are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and if they involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2). *See also* U.S.S.G. § 5B1.3(b) (special conditions of probation must "(1) [be] reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, and the purposes of sentencing and (2) involve only such deprivations of liberty and property as are reasonably necessary to effect the purposes of sentencing"). These are the same factors we considered in *Prendergast*, 979 F.2d at 1293.

Accordingly, we vacate the district court's imposition of the restrictive conditions which we listed above, and remand the case to the district court for the imposi-

tion of appropriate probation conditions in light of *Prendergast*.