UNITED STATES, Appellee,

v.

Frederick L. THURLOW IV, A/K/A Lee McQuade, Defendant, Appellant.

No. 94–1785.

United States Court of Appeals, First Circuit.

Jan. 19, 1995.

Tina Schneider, Portland, ME, for appellant.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Jay P. McCloskey, U.S. Atty., and John S. Gleason, Asst. U.S. Atty., Portland, ME, were on brief, for appellee.

Before Torruella, Chief Judge, Coffin, Senior Circuit Judge, and Stahl, Circuit Judge.

PER CURIAM.

Defendant Frederick Thurlow appeals from the district court's imposition of a special condition of supervised release. Thurlow was sentenced following a guilty plea to three counts of an eleven-count indictment that alleged possession of stolen mail, theft of property used by the United States Postal Service and other offenses resulting from a crime spree engaged in by Thurlow and a coconspirator. As part of a three-year sentence of supervised release, the district court ordered Thurlow to abstain from the use or possession of alcohol and illegal drugs during this period. Thurlow argues that the requirement of total abstinence from alcohol was an unwarranted abuse of discretion. We do not agree.

Thurlow argues that U.S.S.G. § 5D1.3(b), which requires that special conditions imposed by the court be "reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant," does not authorize the type of special condition imposed.[1] Specifically, Thurlow claims that he exhibited no particular attributes warranting the condition imposed.

Thurlow argues too much. Thurlow comes from a family with an active history of alcohol abuse and his record indicated that substance abuse was and continued to be a serious problem for him. Indeed, Thurlow's counsel admitted as much in the presentence conference before the district court. *Cf. United States v. Ruiz–Garcia,* 886 F.2d 474, 476 (1st Cir.1989) (concessions voluntarily made during sentencing cannot be withdrawn absent extraordinary circumstances). Moreover, the record reveals that Thurlow used proceeds from the crime spree to purchase alcohol on several occasions. The district court gave thorough consideration to the defendant's history in reaching its decision to impose the special condition. Accordingly, we find no abuse of discretion. *See United States v. Johnson,* 998 F.2d 696, 699 (9th Cir.1993) (no abuse of discretion to impose, along with other restrictions, condition requiring that defendant abstain from alcohol use where defendant had history of substance abuse and had been involved in alcohol-related incidents).[2]

The decision of the district court to impose the special condition of supervised release is *affirmed.*[3]

---

1. U.S.S.G. § 5D1.3 provides in relevant part:
   (b) The court may impose other conditions of supervised release, to the extent that such conditions are reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2) and 3583(d).

2. The cases cited by Thurlow are not apposite. He relies principally on *United States v. Prender-*gast, 979 F.2d 1289, 1292–93 (8th Cir.1992), in which the Eighth Circuit held that the district court abused its discretion in requiring, *inter alia,* the complete abstinence from alcohol. *Prendergast* is off the mark, however, because in that case there was no evidence that the defendant had a history of alcoholism. *Id. See also United States v. Stoural,* 990 F.2d 372 (8th Cir. 1993) (relying on *Prendergast* to reverse imposition of condition requiring abstinence from alcohol).

3. In so holding, we do not give approval to the imposition of such a special condition as a standard practice without evidentiary support for it in the record.