48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
James R. HARKER, Appellant.
 No. 94-2813.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 29, 1994.
Filed: March 1, 1995.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James R. Harker appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon his plea of guilty to two counts of distributing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Harker to 78 months imprisonment and five years of supervised release. As a condition of supervised release, the district court prohibited him from using alcohol and patronizing establishments that primarily derive their income from the sale of alcohol. On appeal, Harker argues only that the district court abused its discretion in imposing this condition. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Given Harker's failure to object at sentencing to the condition, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Karam, 37 F.3d 1280, 1285 (8th Cir. 1994), cert. denied, 63 U.S.L.W. 3574 (U.S. Feb. 21, 1995) (No. 94-1241). We conclude the district court acted within its "wide discretion" in imposing the condition and thus did not commit plain error. See United States v. Ryan, 41 F.3d 361, 366-67 (8th Cir. 1994) (en banc) (plain error analysis), petition for cert. filed, No. 94-1291 (U.S. Jan. 30, 1995); United States v. Prendergast, 979 F.2d 1289, 1292 (8th Cir. 1992) (standard of review for condition of supervised release). We agree with the district court that the condition is reasonably related to the nature and circumstances of Harker's offense, his history and characteristics, the need to deter and protect the public from future criminal conduct, and the need to provide him with necessary medical care or other correctional treatment; nor does the condition involve a greater deprivation of Harker's liberty than is necessary. See 18 U.S.C. Secs. 3553(a), 3583(d); U.S.S.G. Sec. 5D1.3; Prendergast, 979 F.2d at 1292-93.
 
 
 3
 We also conclude that United States v. Stoural, 990 F.2d 372, 373 (8th Cir. 1993) (per curiam), and Prendergast do not mandate the relief Harker seeks. Unlike the defendants in those cases, Harker consumed alcohol immediately before appearing in court, his presentence investigation report revealed a history of alcohol abuse, and the district court specifically found his past problems with alcohol were related to his problems with drugs.
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa