66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael G. LESTER, Defendant-Appellant.
 No. 94-6597.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1995.
 
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Michael G. Lester, appeals his sentence, alleging that the district court abused its discretion in imposing a condition that he divest himself of all firearms and not possess firearms during the period of his probation. For the reasons stated herein, we affirm.
 
 I.
 
 2
 Lester initially was indicted on eight counts relating to mail fraud to defraud purchasers of submachine guns. In exchange for dismissal of the eight-count indictment, he pled guilty to a misdemeanor of failing to maintain proper records as required of a federal firearms dealer by 18 U.S.C. Sec. 923, in violation of 18 U.S.C. Sec. 922(m). Lester was sentenced to a term of two months' home confinement to be followed by three years' probation. As a special condition of probation, the court ordered that
 
 
 3
 [t]he Defendant shall be prohibited from possessing firearms, ammunition, or any other dangerous weapons while on probation. The Defendant shall make arrangements with the Department of Alcohol, Tobacco and Firearms to place his personal firearms outside of his home. Further, the Defendant shall work with the agents of the ATF to allow for the housing of the machine guns in his possession until he has made the necessary arrangements to sell them. The Defendant shall make a good faith effort to sell the machine guns within one year of the date of imposition of the sentence.
 
 
 4
 The court further required that Lester "shall not seek a license as a federal firearms dealer while on probation."
 
 II.
 
 5
 Lester appeals his sentence, contending that the condition of probation "does not serve the punishment and deterrence goals of sentencing under the guidelines," and, therefore, is an abuse of the district court's discretion. Section 3563(b) of Title 18, U.S.Code, provides that conditions of probation are discretionary, and should be imposed upon a misdemeanant "to the extent that such conditions are reasonably related to the factors set forth in Sec. 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purpose indicated in Sec. 3553(a)(2)." The factors set forth in Sec. 3553(a)(1) and (a)(2), respectively, are the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, provide punishment and deterrence, protect the public, and rehabilitate the defendant.
 
 
 6
 We review the district court's imposition of a special condition for abuse of discretion, and "where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld." United States v. Bortels, 962 F.2d 558, 560 (6th Cir.1992), citing United States v. Holloway, 740 F.2d 1373, 1383 (6th Cir.1984). We will not reverse the lower court's decision unless, upon weighing the relevant factors, we have a "definite and clear conviction" that the court "committed a clear error of judgment." United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991).
 
 
 7
 Lester argues that the firearms prohibition is unrelated to his offense, which was not violent in nature, and thus the prohibition is not reasonably related to either sentencing goal. In support, Lester cites a number of cases in which prohibition of various items was overturned because the prohibition was not reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, or the purposes of sentencing. In each of these cases, however, the prohibition was totally unrelated to the underlying offense. For example, in United States v. Voda, 994 F.2d 149 (5th Cir.1993), a case Lester claims is "on all fours" with his case, the prohibition of firearm possession was found to be totally unrelated to the crime of discharge of a pollutant. Similarly, in United States v. Stoural, 990 F.2d 372 (8th Cir.1993), the Eighth Circuit held that prohibition of alcohol possession was not reasonably related to the crime of conversion of collateral.
 
 
 8
 Lester's underlying offense, however, was related to firearms--the very thing prohibited. He maintains, however, that his case is distinguishable from cases in which the prohibition was related to the underlying offense and to protection of the public. Lester correctly distinguishes this case from United States v. Juvenile # 1 (LWQ), 38 F.3d 470 (9th Cir.1994), in which the defendants assaulted an elderly woman, set her house on fire, and left her to die. The prohibition of possessing firearms in Juvenile # 1 was clearly related to protection of the public. Lester points out that, unlike the defendants in Juvenile # 1, there is no evidence that he is a violent danger to the public.
 
 
 9
 However, the fact that Lester's possible possession of firearms is not dangerous in the traditional sense does not negate the fact that prohibiting Lester from possessing firearms may protect the public from further firearms fraud. In this respect, Lester's situation is like that of the defendants in the cases cited by the government. In Bortels, 962 F.2d at 560, this court upheld a condition prohibiting the defendant from contact with her fiance because she had endangered others in a high-speed flight to protect her fiance from arrest for violations of parole. In United States v. Peete, 919 F.2d 1168 (6th Cir.1990), the defendant was prohibited from seeking or holding public office where the underlying offense was based on his seeking a bribe in exchange for his city council vote. In both cases, the prohibition was directly related to protection of the public from the dangers associated with the underlying offense.
 
 
 10
 Because Lester's underlying offense involved improper firearms record keeping and relevant conduct involved fraud in the sale of firearms, the prohibition of possession of firearms is reasonably related to Lester's rehabilitation and protection of the public from similar activity in the future.
 
 
 11
 AFFIRMED.
 
 
 12
 WELLFORD, Circuit Judge, concurring in part and dissenting in part:
 
 
 13
 While I do not necessarily subscribe to Lester's argument that he has a constitutional right to bear arms, I am persuaded that it was an abuse of discretion to deny defendant possession of personal firearms in his home during the probationary period. As an initial matter, I concur in the majority's decision to affirm the district court's order that Lester make a good-faith effort to sell the submachine guns that were involved in the guilty plea. The district court, however, also ordered Lester to dispose of all of the personal firearms held in his home. It is this latter condition that is the bone of contention in this case.
 
 
 14
 The Sentencing Reform Act of 1984 sets forth two mandatory conditions which all sentencing courts must apply when imposing a term of probation. 18 U.S.C. Sec. 3563(a). In this case, neither of the mandatory conditions are in dispute. Section 3563(b) also lists twenty discretionary conditions which a sentencing court may incorporate into a probationary sentence. Id. Sec. 3563(b). One of the discretionary conditions is that the defendant "refrain from possessing a firearm, destructive device, or other dangerous weapon." Id. Sec. 3563(b)(9). Guideline Sec. 5B1.4 subdivides these discretionary conditions into "standard" conditions and "special" conditions. USSG Sec. 5B1.4. The standard conditions consist of thirteen restrictions which the Guidelines recommend for virtually all sentences of probation. Id. Sec. 5B1.4(a). Prohibiting the possession of firearms is not one of the standard conditions. It is listed, however, as a special condition. Id. Sec. 5B1.4(b)(14). Guideline Sec. 5B1.4(b)(14) recommends that a sentencing court prohibit a defendant from possessing a firearm during the term of his probation if 1) the conviction offense is a felony, 2) the defendant has been previously convicted of a felony, or 3) the defendant used a firearm or dangerous weapon during the conviction offense. Id.
 
 
 15
 In the instant case, the conviction offense, 18 U.S.C. Sec. 922(m), is a misdemeanor. In addition, Lester has no prior felony convictions and his offense conduct did not involve use of a firearm or a dangerous weapon. Consequently, the government does not rely on Sec. 5B1.4(b)(14) to justify the district court's imposition of the firearms condition. Instead, the government contends that the district court could prohibit Lester from possessing firearms under its general discretionary power to impose conditions on probation. USSG Sec. 5B1.3(b); see also 18 U.S.C. Sec. 3563(b). The district court's discretion, however, is not unlimited. United States v. Stoural, 990 F.2d 372, 373 (8th Cir.1993). The district court may only impose conditions on probation that are 1) reasonably related to the nature and circumstances of the offense, 2) the history and characteristics of the defendant, and 3) the purposes of sentencing. USSG Sec. 5B1.3(b). In addition, the conditions imposed must only involve such deprivations of liberty or property as are reasonably necessary to effectuate the purposes of sentencing. Id.
 
 
 16
 Neither the PSI nor the district court offered any reason for imposing this special condition. In fact, the record shows that the district court imposed this special condition because Lester provided no "compelling reason" to maintain firearms during his probation. Section 5B1.3(b), however, sets the limits on the sentencing discretion of the district court. When a sentencing court imposes a probationary condition that is not reasonably related to the offense, the offender's background, or the purposes of sentencing, the court abuses its discretion. E.g., United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir.1992). Therefore, the issue is not whether Lester could demonstrate a compelling reason to engage in a lawful activity while on probation; the issue is whether the special condition exceeds the limitations of Guideline Sec. 5B1.3(b).
 
 
 17
 The government argues that preventing Lester from possessing firearms during probation is "reasonably related" to the conviction offense because his Sec. 922(m) conviction involved weapons. However, "[t]he general purpose of the firearm prohibition is to prevent convicts from using firearms to harm others in the future." United States v. Voda, 994 F.2d 149, 153 (5th Cir.1993). The offense of conviction, 18 U.S.C. Sec. 922(m), is a record keeping statute. While the commodity being recorded is certainly firearms, Sec. 922(m) does not involve the use of any kind of weapon.
 
 
 18
 The government also suggests that the condition advances society's interest in rehabilitation by protecting the public from recidivism. According to the government, denying Lester the right to possess personal firearms will remove him from the surroundings that produced the criminal conduct. However, Sec. 5B1.3(b)(2) states that, even if conditions on probation are reasonably related to sentencing, they must "involve only such deprivations of liberty or property as are reasonably necessary to effect the purposes of sentencing." USSG Sec. 5B1.3(b)(2) (emphasis added). Thus, Sec. 5B1.3(b)(2) requires the district court to choose a narrow deprivation of liberty or property to accomplish the goals of sentencing. See United States v. Stafford, 983 F.2d 25, 28-29 (5th Cir.1993). In this case, one of the special conditions on Lester's sentence was that he refrain from acquiring a license as a firearms dealer during the term of his probation. I certainly agree that this special condition serves the goal of rehabilitating the defendant and protecting the public from recidivism. Denying Lester the possession of personal firearms (except submachine guns) in his home, however, is an excessive deprivation of liberty, in my view. The condition that prevents Lester from obtaining a dealers license protects the public from Lester falsifying firearms records during probation. The special condition in controversy is not "reasonably necessary" to effectuate the goals of sentencing, in my view.
 
 
 19
 As in United States v. Voda, 994 F.2d 149, 153 (5th Cir.1993), Lester was convicted of a nonviolent misdemeanor and he had no history of violence or misuse of firearms. In fact, the evidence suggests that defendant has a track record of safe and responsible possession of weapons. The majority distinguishes Voda on the grounds that Lester's offense of conviction was related to firearms and that, even though his possession of firearms was not dangerous in the traditional sense, the special condition protects the public from further firearms fraud. As Voda explained, however, restricting a probationer's possession of personal firearms is intended to protect the public from the use of weapons. While I agree that preventing Lester from obtaining a dealers license is rationally related to the offense, denying defendant the possession of his personal weapons is not rationally related to record keeping errors and fraud simply because the subject of the transactions happens to be firearms. Any threat to the public posed by Lester's falsification of business records has already been remedied by the condition preventing his acquisition of a license as a firearms dealer. Thus, I find Voda persuasive authority in this case for setting aside the special condition that would deny Lester the liberty of possessing a firearm in his home during probation. I, accordingly, DISSENT.