USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-1743 UNITED STATES OF AMERICA, Appellee, v. DAVID ALLAN SMITH, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________  ____________________ Before Boudin, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________  ____________________ Donald R. Furman, Jr. for appellant. _____________________ F. Mark Terison, Assistant United States Attorney, with whom Jay _______________ ___ P. McCloskey, United States Attorney, and James L. McCarthy, Assistant ____________ _________________ United States Attorney, were on brief for appellee.  ____________________ March 6, 1997  ____________________ Per Curiam. Defendant-appellant David Smith appeals Per Curiam. ___ ______ the sentence imposed following his conviction under 18 U.S.C.  922(g)(1) (felon in possession of firearm) and 18 U.S.C.  924(a)(2) (prescribing ten-year maximum sentence).1  First, Smith challenges a two-level enhancement for obstruction of justice, see U.S.S.G 3C1.1 (Nov. 1995), on the ___ ground that the district court ruling that he attempted to suborn perjury was not supported by the requisite subsidiary findings of fact, but relied instead only on the facts detailed in the unchallenged presentence report (PSR). Quite the contrary, however, the district court's explicit adoption of the findings proposed in the PSR left no doubt whatever, either as to the grounds relied upon or their adequacy. See United States v. ___ ______________ Tracy, 36 F.3d 199, 203 (1st Cir. 1994) (sentencing court need _____ not set out subsidiary findings provided its ultimate findings and grounds plainly appear in record). Nor were the statements upon which the district court findings were based susceptible to innocent interpretation. See United States v. Clark, 84 F.3d ___ _____________ _____ 506, 509-10 (1st Cir.), cert. denied, 117 S. Ct. 272 (1996). _____ ______ Thus, Smith's competing interpretations did not render ambiguous the statement given by the witness whose testimony he sought to suborn. See id. at 510. ___ ___ Second, Smith challenges the special condition imposed  ____________________ 1Although Smith failed to assert his claims below, thereby implicating "plain error" review, see United States v. Sanchez- ___ ______________ ________ Barreto, 93 F.3d 17, 24 (1st Cir. 1996), cert. denied, 117 S. Ct. _______ ____ ______ 711 (1997), we discern no merit even under a de novo standard of __ ____ review. 2 by the district court, prohibiting his use of alcohol during the three-year term of supervision following his release from prison. See U.S.S.G. 5D1.3(b) (sentencing judge may impose special ___ conditions reasonably related to nature of offense and personal history of defendant). Smith contends that the prohibition against using alcohol constituted an abuse of discretion, see ___ United States v. Thurlow, 44 F.3d 46, 47 (1st Cir.) (per curiam), _____________ _______ cert. denied, 115 S. Ct. 1987 (1995); see also supra n.1, as _____ ______ ___ ____ _____ there was no evidence linking alcohol to the crime of conviction. Once again we must disagree. There was abundant justification for imposing the special condition. See id. (no abuse of discretion in requiring ___ ___ defendant to abstain from using and possessing alcohol in light of personal history and continuing alcohol abuse). Smith conced- ed that he has an "abjectly appalling record of driving vehicles while under the influence of alcohol" and admitted violating a condition of his bail by consuming alcohol within twenty-four hours before entering his guilty plea in this case. Thus, the appropriateness of the special condition imposed by the district court is beyond question. Affirmed. Affirmed. ________ 3