UNITED STATES of America, Plaintiff–Appellee,

v.

Karl C. SCHAVE, Defendant– Appellant.

No. 98–3691.

United States Court of Appeals, Seventh Circuit.

Argued May 14, 1999.

Decided Aug. 2, 1999.

Jeffrey B. Lang (argued), Office of the United States Attorney, Rock Island, IL, for Plaintiff–Appellee.

Thomas W. Patton (argued), Office of the Federal Public Defender, Springfield, IL, George F. Taseff, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before FLAUM, EASTERBROOK and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

Karl Schave, a member of New Order, a white supremacy organization, sold a number of explosives to an undercover agent posing as a fellow member of the group. These explosives were to be used in a series of violent acts intended to further the white supremacist aims of the New Order. After arrest and indictment, Schave pleaded guilty to unlawful possession of an unregistered destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871. The district judge sentenced Schave to forty-six months of imprisonment to be followed by three years of supervised release.

In addition to the standard conditions of supervised release, the district court im-

posed four special conditions, two of which are challenged on appeal. The first condition restricts Schave's use of alcohol and "other legally obtained intoxicants" during the period of supervised release. The second condition prevents Schave, during the period of supervised release, from associating with organizations that, or their members who, espouse violence or the supremacy of the white race. Schave challenges the first as unsupported by sufficient evidence of alcoholism. He challenges the second as impermissibly vague and as an unconstitutional restriction on his associational rights. We affirm.

## I.

Schave argues that the alcohol restriction placed upon him by the district court was unsupported by sufficient evidence of prior alcohol abuse. In imposing a term of supervised release, the district court may include, in addition to the mandatory conditions set forth in 18 U.S.C. § 3563(a), additional conditions of supervised release under § 3563(b). Here, the district court's order went beyond the standard condition set forth in § 3563(b)(7) and U.S.S.G. § 5D1.3(c)(7), which requires that a defendant refrain from excessive use of alcohol, to prohibit all use of alcohol as well as other legally-obtained intoxicants. Additional conditions which the district court deems necessary are permissible under 18 U.S.C. § 3563(b)(22) and § 3583(d) even if not specifically set forth in the list of additional conditions in U.S.S.G. § 5D1.3(d) and (e). The district court may impose a specific condition of supervision so long as the condition:

(1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) is reasonably related to the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and

(4) is consistent with any pertinent policy statements issued by the Sentencing Commission.

18 U.S.C. §§ 3583(d), 3563(d), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); U.S.S.G. § 5D1.3(b).

■ On appeal, we defer to the district court's decision to impose a special condition of supervised release and review the condition under the abuse of discretion standard. *United States v. Brown*, 136 F.3d 1176, 1186 (7th Cir.1998); *United States v. Schechter*, 13 F.3d 1117, 1118 (7th Cir.1994).

■ The district court imposed the alcohol restriction based on evidence compiled in the Presentence Investigation Report (PSR). According to the defendant's statements, he began using alcohol at age 16 and marijuana at age 18. After an arrest for driving under the influence in 1990, he was referred to intensive outpatient counseling for substance abuse. At the time, he was diagnosed with mild alcohol dependence and cannabis abuse. Based on the foregoing, the district court concluded that a total restriction on alcohol use would aid the defendant in steering clear of criminal activity during the time of supervised release.

Schave argues that the district court abused its discretion in imposing the alcohol restriction. In making this argument, he relies principally on two Eighth Circuit cases in which that court vacated conditions of supervised release requiring a defendant to abstain from all lawful alcohol use. In *United States v. Prendergast*, 979 F.2d 1289, 1293 (8th Cir.1992), the defendant was convicted of wire fraud. *Id.* As a condition of supervised release, the district court prevented the defendant from purchasing or using alcohol, narcotics, or oth-

er controlled substances and made the defendant's person, vehicle, and premises subject to search for such substances by any person involved in supervising the defendant's release. *Id.* The Eighth Circuit concluded that these conditions were an abuse of the district court's discretion. *Id.* In so concluding, it noted that the defendant in that case had been convicted of wire fraud unrelated to any substance abuse problem and that the district court had failed to make any findings that alcohol was a contributing cause to the commission of the crime or that the defendant was otherwise in need of any substance abuse rehabilitation. *Id.*

The Eighth Circuit followed the reasoning of *Prendergast* in *United States v. Bass,* 121 F.3d 1218, 1223–25 (8th Cir. 1997), in again vacating a restriction on any alcohol use as a condition of supervised release. In *Bass,* a drug conspiracy case, the district court prohibited the use, purchase, and possession of alcohol during the period of supervised release. *Id.* at 1223. The defendant in that case admitted smoking marijuana once or twice a week and had imbibed alcohol on weekends since the age of 18. *Id.* at 1224. The district court imposed the alcohol restriction in addition to the standard condition prohibiting use of illegal drugs out of a concern that the defendant, whom the district court viewed as substance dependent, would substitute alcohol for marijuana while on supervised release and begin to abuse alcohol. *Id.* The Eighth Circuit, while acknowledging that twice-weekly marijuana consumption was problematic, did not believe there was sufficient evidence before the district court indicating that defendant suffered from a dependency problem. *Id.* The court additionally doubted the district court's premise that the defendant would in fact substitute alcohol for marijuana and, to the degree he would, it viewed such a substitution as fortuitous. *Id.*

We find that *Prendergast* and *Bass* are sufficiently distinguishable from the facts of this case. Similar to the situations in both *Prendergast* and *Bass,* Schave's offense was unrelated to his alcohol abuse. Unlike those cases, however, the district court here had specific evidence of Schave's prior alcohol abuse, including a prior diagnosis of alcoholism, upon which to rely in imposing the alcohol restriction. We believe that this brings Schave's case closer to those in which courts have upheld total restrictions on alcohol use as a condition of supervised release. *See United States v. Wesley,* 81 F.3d 482, 484 (4th Cir.1996) (upholding prohibition of alcohol use where defendant had previous convictions for disorderly conduct under the influence of alcohol and driving under the influence, had tested positive for drugs, and beaten his wife after getting drunk); *United States v. Thurlow,* 44 F.3d 46 (1st Cir.1995) (per curiam) (affirming total ban on alcohol use where personal and family history reflected pattern of alcohol abuse and where proceeds of crime spree were used to purchase alcohol); *United States v. Johnson,* 998 F.2d 696, 699 (9th Cir.1993) (upholding total prohibition during period of supervised release where defendant had been involved in numerous drug and alcohol-related incidents). *See also, United States v. Shriver,* 842 F.2d 968, 971 n. 5 (7th Cir.1988) (upholding requirement that defendant spend 180 days in community treatment center based on testimony of former wife, former lawyer, and former physician that defendant had a drinking problem). We conclude that there is sufficient evidence in Schave's background to suggest that a restriction on alcohol during the period of supervised release is reasonably related to the need to protect the public from further crimes, § 3553(a)(2)(C), and to the need to provide him with rehabilitative treatment, § 3553(a)(2)(D). While a restriction simply on excessive use of alcohol may have been sufficient to achieve these aims, we cannot conclude that the district court, on the facts before it, abused its discretion in concluding that an additional restriction

banning all alcohol use was reasonably necessary.

## II.

■ We turn next to Schave's challenge to the restriction on his association with violent or white supremacist organizations during the period of his supervised release. Schave concedes that his providing explosives to further the aims of white supremacy provides sufficient evidence upon which to impose such a condition. His challenge is that the actual condition imposed is void for vagueness and an unconstitutional infringement on his right to associate. *Cf. United States v. Showalter,* 933 F.2d 573, 574 (7th Cir.1991) (challenging a restriction that defendant "shall not participate in, or associate with those who do participate in, the organization known as 'skinheads,' or in any neo-Nazi organization" on statutory grounds without raising a constitutional challenge).

■ A condition of supervised release is unconstitutionally vague if it would not afford a person of reasonable intelligence with sufficient notice as to the conduct prohibited. *Birzon v. King,* 469 F.2d 1241, 1243 (2d Cir.1972); *LoFranco v. United States Parole Commission,* 986 F.Supp. 796, 808 (S.D.N.Y.1997). However, a court will not strike down conditions of release, even if they implicate fundamental rights, if such conditions are reasonably related to the ends of rehabilitation and protection of the public from recidivism. *See United States v. Ritter,* 118 F.3d 502, 504 (6th Cir.1997) (rejecting First Amendment challenge to condition of supervised release requiring bank embezzler to notify present and future employers about his conviction); *Malone v. United States,* 502 F.2d 554 (9th Cir.1974) (for defendant convicted of exporting guns to the Irish Republic Army, upholding conditions of probation "[t]hat he not participate in any American Irish Republic movement," "[t]hat he belong to no Irish organizations, cultural or otherwise," "[t]hat he not belong [to] or participate in any Irish Catholic organizations or groups," "[t]hat he not visit any Irish pubs," and "[t]hat he accept no employment that directly or indirectly associates him with any Irish organization or movement.")

The association restriction challenged by Schave in this case provides that he "shall not associate, either directly or indirectly, with any member or organization which espouses violence or the supremacy of the white race." The condition as written is inartfully drafted. The provision prohibiting association with "any member" fails to refer to organizations espousing violence or supremacy as it was presumably intended to do. Without much difficulty, however, we can construe the provision to prohibit association with organizations that, or their members who, espouse violence or the supremacy of the white race.

A second, and more nettlesome, problem is the absence of an explicit scienter requirement in the restriction. If read literally, Schave could be found guilty of violating the terms of his supervised release simply by working alongside or befriending someone who, unbeknownst to him, espoused violence or the supremacy of the white race. Another difficulty lies with the condition's prohibition on association with "organization[s] espousing violence or the supremacy of the white race" (emphasis added). The disjunctive raises the possibility that Schave might be found to violate the terms of his supervised release should he participate, for example, in a group or political party that supported an ongoing United States military action. Thus viewed, the restriction is potentially overbroad and vague, first, because it may cover some protected activity and, second, because it may leave Schave to speculate as to which of the possible violations within the scope of the restriction would be charged and prosecuted.

■ However, these potential constitutional difficulties are easily avoided through an appropriate limiting construction. The district court's power to impose

special conditions of supervised release is circumscribed by the requirement that the restrictions reasonably relate to the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. 18 U.S.C. §§ 3583(d), 3563(d), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); U.S.S.G. § 5D1.3(b). We do not believe that the district court, surely aware of the limitations on its own power, intended the restriction to cover the broad range of possible activities suggested by our previous examples. Rather, we interpret the restriction in light of the crime for which Schave was charged and which necessitated the imposition of conditions of supervised release. Schave provided weapons and explosives to a fellow member of the New Order for the purpose of facilitating attacks against a number of civil rights organizations, including the Southern Poverty Law Center and the Anti–Defamation League. We understand the district court's associational restriction to reach only those activities which would reasonably relate to the danger of his reassociating with white supremacist groups or organizations which pursue their aims through violent means. So understood, the condition provides sufficient notice of the conduct prohibited and hence is not unconstitutionally vague.

█ Our construction of the scope of the restriction addresses whatever constitutional concerns its literal language may present as a limitation on Schave's associational rights. The constitutional rights of a convict on supervised release or parole are not unfettered. *See, e.g., Ritter,* 118 F.3d at 504 (upholding condition of supervised release requiring bank embezzler to notify present and future employers about his conviction); *United States v. Turner,* 44 F.3d 900, 903 (10th Cir.1995) (upholding supervised release condition for defendant convicted of trespassing on abortion clinic grounds in violation of preliminary injunction where condition required defendant not to "harass, intimidate, or picket in front of any gynecological or abortion family planning services center"). We are satisfied that a restriction on Schave's ability to associate with his former criminal associates and those of like views reasonably serves the aim of preventing him from repeating his criminal activities and of protecting the public from potential recidivism. As such, we find no constitutional infirmity.

## III.

For the foregoing reasons, we AFFIRM the alcohol and associational restrictions imposed by the district court as a condition of the defendant's supervised release.