UNITED STATES of America,
Plaintiff–Appellee,

v.

Jason SMITH, Defendant–Appellant.

No. 01–3884.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 21, 2002.

Decided Feb. 26, 2002.

Before POSNER, EASTERBROOK,
and RIPPLE, Circuit Judges.

ORDER

Jason Smith appeals an order modifying his supervised release conditions, but his appointed counsel, who also represented Mr. Smith in this matter before the district court, has sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate and Mr. Smith has not filed a response, *see* Circuit Rule 51(b), so we limit our review to the single potential issue counsel identifies: whether it would be frivolous to argue that the district court abused its discretion in modifying Mr. Smith's supervised release conditions pursuant to 18 U.S.C. § 3583(e)(2) to require mental health and sexual disorder screening and treatment, if necessary. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). We agree with counsel that such an argument would be frivolous, and so grant his motion to withdraw and dismiss this appeal.

In October 2001 Mr. Smith was released from federal prison after serving time for drug trafficking crimes. Shortly before, Mr. Smith's probation officer had learned that Mr. Smith had a history of delusional and paranoid thinking, violence, and abusive behavior. She also learned that some of his delusions seemed to be sexually oriented. She therefore requested that the district court modify Mr. Smith's supervised release conditions to require mental-health, abusive-behavior, and sexual-

disorder evaluation and, if necessary, treatment. As the probation officer explained to the district court, the probation office can screen for sexual disorders coupled with abusive behavior only through its "sex offender" evaluation program. The program, although denominated a "sex offender" evaluation program, is in fact designed to afford evaluation and treatment to offenders suffering from certain classes of mental illness, rather than only to those convicted of sex offenses. The probation officer therefore suggested that Mr. Smith participate in this program, but was careful to assure the district court and Mr. Smith that participation in the program is not tantamount to being labeled a "sex offender."

At the hearing required by Federal Rule of Criminal Procedure 32.1(b), the probation officer testified that Mr. Smith had been hospitalized repeatedly since 1990 for depression and schizophrenia. She also testified that in 1993 Mr. Smith was found not guilty by reason of insanity for an incident during which he held two friends at gunpoint. More recently, a staff psychologist at Mr. Smith's place of incarceration had repeatedly recommended mental health counseling and psychotropic drug treatment for Mr. Smith's delusions, which, according to the probation officer, included Mr. Smith's belief that while he was incarcerated the government implanted devices in his genitals and anus to shock him. The probation officer further testified that while in prison Mr. Smith informed the staff psychologist that the shocks delivered by the government's devices cause him to grab his genitals compulsively. A pro se motion by Mr. Smith, in which he sought information regarding the government's "rules and regulations" for "secret interventions" and tests, supports the probation officer's testimony concerning Mr. Smith's paranoid mental state. A state police officer also testified that Mr.

Smith had been involved in a robbery and several batteries in the early 1990's, and that he had once held a knife to a woman's throat because she knew of his drug activity.

Given Mr. Smith's history of violence and mental illness, we agree with counsel that challenging the modification of Mr. Smith's supervised release conditions would be frivolous. Counsel would have to argue that the district court abused its discretion in imposing the new condition. *See United States v. Monteiro,* 270 F.3d 465, 469 (7th Cir.1998) (applying abuse of discretion standard to review of original conditions). He could do so by contending that the new condition was not "reasonably related" to the nature and circumstances of Mr. Smith's crimes, to his particular problems, to his educational, vocational, or medical needs, or to the need to deter future crime and protect the public. *See* 18 U.S.C. §§ 3583(e)(2) and 3553(a)(2). He could also do so by claiming that the new condition unnecessarily deprived Mr. Smith of liberty. *See* 18 U.S.C. § 3583(d)(2); *see also Monteiro,* 270 F.3d at 472–73. But as counsel determined, arguing that the district court abused its discretion is frivolous where, as here, the court narrowly crafts new supervised release conditions based on an "individualized assessment" of the defendant's past and present behavior with an eye toward protecting the public and rehabilitating the defendant. *United States v. Wilson,* 154 F.3d 658, 667 (7th Cir.1998) (approving imposition of mental health treatment based on judge's observations of the defendant and testimony by defendant's mother and a co-worker that the defendant had a history of "mental health problems"); *see also United States v. Schave,* 186 F.3d 839, 842 (7th Cir.1999). Requiring Mr. Smith to undergo mental health evaluations and treatment, as the prison's staff psycholo-

gist recommended, is so obviously "reasonably related" to his history of paranoia, delusions, and violence, and to the goals of protecting the public and rehabilitating Mr. Smith, that arguing otherwise would be meaningless. Likewise, the sexual undertones in Mr. Smith's belief that the government periodically electrocutes his genitals and anus make frivolous an argument that the district court abused its discretion by ordering evaluation and treatment, if recommended, for a possible sexual disorder.

Counsel's motion is GRANTED and this appeal is DISMISSED.