United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 06-50464
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS JURADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-24
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Jurado appeals from the sentence imposed following revocation of his term of supervised release. For the first time on appeal, Jurado contends that the district court abused its discretion by imposing a condition that prohibits him from consuming alcohol during his new term of supervised release.

Jurado's contention is reviewable only for plain error because he failed to raise it in the district court. See United States v. Magwood, 445 F.3d 826, 828 (5th Cir. 2006). To establish plain error, the appellant must show that there is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error, that it is "clear" or "obvious," and that it affects both his substantial rights and the integrity of the proceedings. United States v. Thompson, 454 F.3d 459, 464 (5th Cir. 2006), cert. denied, 127 U.S. 602 (2006).

Jurado has not made such a showing. Although neither the violations for which his term of supervised release was revoked nor his underlying criminal offense involved alcohol, the record reflects that on at least two prior occasions Jurado has been arrested or charged with driving under the influence of alcohol, and Jurado has admitted that he was addicted to marijuana and methamphetamine. Given these circumstances, Jurado has not established that the district court plainly erred in implicitly concluding that the no-alcohol condition was "reasonably related" to factors set forth in 18 U.S.C. § 3583(d). See United States v. Ferguson, 369 F.3d 847, 852 (5th Cir. 2004). Several sister circuits have upheld conditions prohibiting the consumption of alcohol in similar circumstances. See, e.g, United States v. Maciel-Vasquez, 458 F.3d 994, 996 (9th Cir. 2006); Untied States v. McKissic, 428 F.3d 719, 722-24 (7th Cir. 2005), cert. denied, 126 S. Ct. 1590 (2006); United States v. Wesley, 81 F.3d 482, 484 (4th Cir. 1996); United States v. Thurlow, 44 F.3d 46, 47 (1st Cir. 1995).

The judgment of the district court is AFFIRMED.