NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011[*]
Decided August 15, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1508

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10 CR 40036 |
| ROBERT R. SHIPLEY, *Defendant-Appellant.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

Robert Shipley was caught sharing child pornography over the Internet. A grand jury charged him with one count each of distributing and possessing child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B). He pleaded guilty to both counts, and the district court sentenced him to a total of 210 months' imprisonment plus a lifetime term of supervised release. Shipley filed a notice of appeal, but his appointed lawyer moves to withdraw on the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Shipley has not responded to counsel's submission. *See* Cir. R. 51(b). We confine our review to the potential issues identified in the brief supporting counsel's motion. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Shipley has not said that he wishes to challenge his guilty pleas, so counsel properly omits discussion about the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether Shipley could argue that the district court imposed an unduly broad special condition of supervised release by requiring that Shipley

> submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

18 U.S.C. § 3583(d). Specifically, counsel questions whether Shipley could argue that this special condition is worded so broadly that it can be read to require him to give his permission to search third-party belongings in his possession but over which he has no authority. Shipley raised this concern to the district court, which concluded that the special condition (the language of which is taken directly from 18 U.S.C. § 3583(d)) must be interpreted to limit the scope of any search to property belonging to Shipley. Our review of the contention would be for abuse of discretion. *United States v. Angle*, 598 F.3d 352, 360 (7th Cir. 2010); *United States v. Schave*, 186 F.3d 839, 841 (7th Cir. 1999).

Appellate counsel contends that this proposed argument would be frivolous because the district judge, in open court, gave the special condition a narrowing construction to limit its reach to Shipley's belongings. But the court did not revise the language of the condition to reflect this narrowing construction, though Shipley presumably can seek a correction of the judgment under Federal Rule of Criminal Procedure 36. As the condition stands, however, we would conclude that any claim about its scope vis-a-vis the possessions of third parties is frivolous. Shipley can consent to a search over any property over which he has common authority or joint control. *See United States v. Matlock*, 415 U.S. 164, 170 (1974); *United States v. James*, 571 F.3d 707, 714 (7th Cir. 2009).

To the extent that a third party might not want Shipley to permit searches of commonly controlled property, the district court's judgment imposed a standard condition of supervised release requiring that Shipley, at the direction of his probation officer, notify third parties of his criminal record and personal history or permit the probation officer to do so. Yet another condition, moreover, requires in part that Shipley "consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that may be imposed" and that he "warn other residents or occupants of his home that computer systems will be subject to inspection by the probation officer" or other authorized contractor. These provisions obviate the concern that Shipley will be asked to authorize searches of property in his possession that belongs exclusively to third parties. In light of these warnings, third parties who permit Shipley to have joint control over their premises or possessions assume the risk that their property will be searched. *See Matlock*, 415 U.S. at 171; *James*, 571 F.3d at 713-14. And, at all events, should the provision later present a problem, Shipley can always seek a modification to the terms of his release. 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c); *United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007).

Counsel also evaluates whether Shipley could challenge his sentencing proceeding but concludes that the claim would be frivolous. Shipley's total offense level of 34 and criminal history category of III yielded a guidelines imprisonment range of 188 to 235 months. *See* U.S.S.G. § 5A (Sentencing Table). The 210-month imprisonment term he received is just below the midpoint of this range. Counsel identifies neither any procedural defect in the district court's calculation, nor any reason to doubt the substantive reasonableness of the sentence the district court imposed. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).

Finally, Shipley's lawyer says that ineffective assistance of counsel is a possible ground for appeal. But counsel, who also represented Shipley in the district court, has not characterized any aspect of her performance as deficient, and so we do not have even a potential claim before us. Nor would we have expected counsel to accuse herself of ineffective assistance. *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999). If there is an argument about her performance, that contention is best presented on collateral review, where the record can be further developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005); *Martinez*, 169 F.3d at 1052.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.