# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-3377

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ROBERT D. MCKISSIC,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 CR 30028—**Jeanne E. Scott**, *Judge*.

ARGUED SEPTEMBER 19, 2005—DECIDED NOVEMBER 8, 2005

Before RIPPLE, WOOD and WILLIAMS, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Defendant Robert D. McKissic pleaded guilty to one count of armed bank robbery. He now appeals the imposition of several conditions of supervised release by the district court. Mr. McKissic also contends that he should have been given notice that the court was contemplating such special conditions. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

# BACKGROUND

## A. Facts

On March 17, 2004, Mr. McKissic robbed the Illini Bank in Springfield, Illinois. During the robbery, he displayed what appeared to be a handgun; however, it was determined later that the weapon was only a pellet gun. Mr. McKissic took approximately $5,335 and, within minutes of leaving the bank, was apprehended by the police a few blocks away. He admitted to robbing the bank and provided a written statement. On April 26, 2004, Mr. McKissic pleaded guilty to one count of armed bank robbery. *See* 18 U.S.C. § 2113(a) and (d).

In determining Mr. McKissic's sentence, the district court considered the presentence report, which contained a number of facts about Mr. McKissic's history. Mr. McKissic had dropped out of high school during his senior year and does not have a high school diploma. His employment history can be characterized as checkered; despite being only twenty-four years old, he has held at least twenty different jobs. He had been fired from at least three of those jobs for attendance problems; at one job, he simply left for lunch and never returned. Mr. McKissic also has a criminal record, including a 2001 conviction for domestic battery for which he was on probation when he committed the bank robbery, as well as prior convictions for attempted burglary, criminal trespass to land and multiple instances of driving on a suspended license.

The district court held a sentencing hearing on August 27, 2004. At this hearing, the court noted that it was "getting concerned about the Robert McKissic [it] see[s] in the public record," whose criminal acts appear to be increasing in

seriousness. Tr.II at 29. The court also noted that Mr. McKissic had committed the bank robbery while he already was on probation, and that when a person continues to commit crimes on probation, that sends a message to the court that "we better get real serious about this individual." *Id.* at 30-31.

Mr. McKissic was sentenced to 60 months' imprisonment, followed by 60 months of supervised release. R.16. In addition to the standard conditions of supervision, the district court ordered a number of special conditions, including the following:

> 1. The defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. He shall, at the direction of the Probation Office, participate in a program for substance abuse treatment including testing to determine whether he has used controlled substances and/or alcohol. He shall pay for these services as directed by the probation officer.
>
> . . .
>
> 3. The defendant shall attend an educational program and make reasonable efforts to obtain a GED or high school diploma.
>
> 4. The defendant shall obtain and maintain employment or participate in a program of job training or employment counseling as directed by the probation officer.
>
> 5. If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work

per week at the direction of and in the discretion of the U. S. Probation Office until gainfully employed.

R.16 at 4. Mr. McKissic raised no objections to the conditions of supervised release at the sentencing hearing.

## II

## DISCUSSION

### A. Imposition of Special Conditions

Mr. McKissic contends that the district court plainly erred when it imposed special conditions of supervised release relating to alcohol use, education, employment and community service. Because Mr. McKissic failed to object to the imposition of the special conditions during his sentencing hearing, we review his claim only for plain error. *United States v. Guy*, 174 F.3d 859, 862 (7th Cir. 1999). In order for us to correct a plain error, there must have been 1) an error, 2) that is plain, 3) that affects substantial rights and 4) that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 626 (2002). In this case, there has been no plain error in the imposition of supervised release conditions.

When imposing supervised release, a district court may include conditions pursuant to United States Sentencing Guideline § 5D1.3, which "duplicat[es] and consolidat[es] language contained in relevant statutes." *United States v. Bass*, 121 F.3d 1218, 1223 (8th Cir. 1997). The United States Sentencing Commission lists several mandatory supervised release conditions in U.S.S.G. § 5D1.3(a). *See also* 18 U.S.C. § 3583(d). The relevant statute states that, beyond the mandatory supervised release conditions, the district court may impose "any condition set forth as a discretionary

condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). These discretionary conditions correspond largely with the recommended "standard" conditions of supervised release listed in U.S.S.G. § 5D1.3(c). The Guidelines also state that:

> The court may impose other conditions of supervised release to the extent that such conditions are (1) reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3; *see* 18 U.S.C. §§ 3583(d), 3553(a)(1), 3553(a)(2)(B-D).

### 1. The Total Ban on Alcohol Use

Mr. McKissic submits that it was plain error for the court to impose a condition banning all alcohol use because his offense was unrelated to alcohol use and because he has no history of alcohol abuse. A requirement that a defendant "refrain from excessive use of alcohol" is one of the discretionary conditions listed in § 3563(b) that can be given as a condition of supervised release pursuant to § 3583(d); however, a total ban on alcohol use is not specifically listed

as a discretionary condition. *See* 18 U.S.C. § 3563(b)(7); U.S.S.G. § 5D1.3(7).

Although we approved a ban on alcohol use as a special condition in *United States v. Schave*, 186 F.3d 839 (7th Cir. 1999), Mr. McKissic contends that his case is distinguishable because Schave had a prior diagnosis of alcoholism, and Mr. McKissic had no such diagnosis. *Id.* at 841-42. Although Mr. McKissic has not been diagnosed with alcoholism, there is history of alcohol use and abuse, including an incident in 1998 when Mr. McKissic was issued a citation for operating a motor vehicle in which there were open containers of alcohol. Additionally, Mr. McKissic admitted to first consuming alcohol at the age of 17, to consuming up to three vodka mixed drinks as often as twice a month, and to being intoxicated about a month prior to his arrest for this offense. He also admitted to marijuana use and indicated to his probation officer that he could benefit from treatment for marijuana use while in prison. Given Mr. McKissic's record and his use of alcohol, in combination with contraband substances, the district court certainly had grounds to conclude that the further use of alcohol would create an obstacle to his rehabilitation while on supervised release.[1] Moreover, given that Mr. McKissic's employment history and criminal record, including the most recent offense, show a progressive unwillingness to conform his conduct to the law, it appears that he tends to be an impulse-oriented individual. The district court recognized this tendency and obviously crafted the conditions of relief to provide a

---

[1] *Cf. United States v. Modena*, 302 F.3d 626, 636 (6th Cir. 2002) (holding that a condition banning alcohol was an abuse of the district court's discretion when the presentence report only stated that the probation officer "has no information pertaining to substance abuse/use").

remedy—and, for Mr. McKissic, an opportunity for rehabilitation. *See United States v. Cooper*, 171 F.3d 582, 586-87 (8th Cir. 1999) (special condition banning alcohol was not an abuse of discretion, even though the defendant had no "concrete evidence" of alcohol abuse, when defendant abused his wife and children, consumed large quantities of alcohol on the weekends, and argued more with his wife when he had been drinking).

We are aware that the Eighth Circuit decided a somewhat factually similar case in *United States v. Bass*, 121 F.3d 1218 (8th Cir. 1997). In that case, our colleagues in the Eighth Circuit vacated a condition banning alcohol use. That court determined that there was no evidence that the defendant was "prone to abuse alcohol," even though he had imbibed alcohol on the weekends since the age of 18, and had admitted smoking marijuana on a weekly basis. *Id.* at 1223-24. Although Mr. McKissic's history may be similar to that defendant's in some respects, we believe that the thoughtful analysis of the district court in this case presents, as it should, a carefully tailored plan for *this individual's* rehabilitation and for the protection of society from *this individual.* Faced with a progressively deteriorating criminal history, which makes Mr. McKissic's situation significantly different from the situation in *Bass*, the district court determined that it was time to take substantial action to ensure that Mr. McKissic's emerging life pattern changed. We believe that a special condition banning alcohol use "is reasonably related to the need to protect the public from further crimes, § 3553(a)(2)(C), and the need to provide [the defendant] with rehabilitative treatment, § 3553(a)(2)(D)." *Schave,* 186 F.3d at 842; *see also* 18 U.S.C. § 3583(d)(1).

Mr. McKissic further submits that a complete ban on alcohol is a greater deprivation of liberty than is reason-

ably necessary and therefore violates the mandate of 18 U.S.C. § 3583(d)(2). Mr. McKissic relies on *United States v. Holm*, in which we determined that a special condition of release banning all use of the internet for a defendant who pleaded guilty to possession of child pornography imposed a greater deprivation of liberty than was necessary. 326 F.3d 872, 877-78 (7th Cir. 2003) (noting that such a ban "renders modern life . . . exceptionally difficult"). However, a ban on alcohol is distinguishable from a ban on internet use. In *Holm*, we discussed forms of monitored internet use that would be less restrictive on liberty while still accomplishing the goal of preventing access to child pornography, such as filtering software. *Id.* at 878-79. Here, by contrast, the court determined that Mr. McKissic's deteriorating behavior pattern needed to be addressed by a total ban on alcohol, and there certainly is a reasonable basis for such a determination. Additionally, in *Holm,* we were concerned that a complete internet ban would jeopardize the defendant's ability to find employment because he had spent almost thirty years working in computerized telecommunications. *Id.* at 878. For Mr. McKissic, it can hardly be said that an alcohol ban will harm his employment opportunities. Therefore, this case is very different from *Holm*; there is not a greater deprivation of liberty than necessary.

The imposition of a condition banning the use of alcohol was certainly not plain error.

**2.  The Education, Employment and Community Service Conditions**

We next turn to Mr. McKissic's challenges to the special conditions regarding education, employment and community service.

Mr. McKissic submits that the conditions that he attempt to complete his high school education, that he maintain employment and that he perform community service in the event that he fails to maintain employment were all imposed in plain error. He maintains that his lack of a high school education and employment is not at all unique, and, if this condition was imposed on him, it would need to be imposed on most criminal defendants. Mr. McKissic also contends that there is no support for these conclusions in the existing statutes or case law. He concedes that 18 U.S.C. § 3563(b)(5), as referenced in § 3583(b), allows the district court to impose a special condition that a defendant refrain from "engaging in a specified occupation," but he argues that the statute does not allow a condition that affirmatively requires a defendant to engage in any occupation.

We cannot accept Mr. McKissic's arguments. They ignore the statutory provisions that specifically allow for conditions based on education and employment. Education and employment are specifically listed as discretionary conditions that the court may impose; for example, 18 U.S.C. § 3563(b)(4) allows for a condition that requires a defendant to "work conscientiously at suitable employment or pursue conscientiously a course of study or vocational training that will equip him for suitable employment." *See* 18 U.S.C. § 3583(b). Moreover, the Sentencing Guidelines Manual lists as a recommended "standard" condition that "the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons." U.S.S.G. § 5D1.3(c)(5).

Mr. McKissic also is incorrect in his assertion that there is no statutory support for a condition imposing community service; 18 U.S.C. § 3563(b)(12) allows the court to impose a

discretionary condition that a defendant "work in community service as directed by the court." *See* 18 U.S.C. § 3583(b). The Guidelines also provide that "[c]ommunity service may be ordered as a condition of probation or supervised release." U.S.S.G. § 5F1.3.

Furthermore, the imposition of education, employment and community service conditions will further the statutory goal of providing "the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Schave*, 186 F.3d at 841 (quoting 18 U.S.C. § 3553(a)(2)(D)). Indeed, these conditions are especially suited to Mr. McKissic. He nearly completed his high school education, and former employers have indicated that he has the *potential* to be a very capable worker. Both a high school degree and community service can give Mr. McKissic the training he needs for a vocation of his choosing.

Finally, if Mr. McKissic maintains steady employment, it likely will lower the chances that he will reoffend. A district court may also impose a condition as long as it is reasonably related to "protecting the public from future crimes of the defendant," and keeping Mr. McKissic in steady employment would further that goal. *See Schave*, 186 F.3d at 841; 18 U.S.C. § 3553(a)(2)(C). Therefore, we do not believe that the imposition of conditions relating to education, employment, or community service was in error, let alone plain error.

**B. The District Court's Failure to Notify Mr. McKissic that it was Contemplating Special Conditions**

Mr. McKissic also submits that, according to Federal Rule of Criminal Procedure 32(h), a district court must

give notice before it imposes a special condition on a ground not identified in the presentence report or prehearing submissions. According to Mr. McKissic, it was plain error for the district court not to provide warning that it intended to impose special conditions related to alcohol use, education, employment and community service. Mr. McKissic relies on *United States v. Angle*, 234 F.3d 326, 347 (7th Cir. 2000), in which we held that a special condition requiring a defendant to register as a sex offender required notice under Rule 32.

Federal Rule of Criminal Procedure 32(h) states that: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." That notice must also "specify any ground on which the court is contemplating a departure." Fed. R. Crim. P. 32(h). Rule 32(h) codifies the Supreme Court's holding in *Burns v. United States*, 501 U.S. 129, 138 (1991), that such notice is necessary. In *Angle*, we determined that notice was necessary for the condition requiring registration because such a condition was not expressly contemplated by the guidelines at that time, and thus was analogous to an upward departure. 234 F.3d at 347 (citing *United States v. Coenen*, 135 F.3d 938 (5th Cir. 1998)). Such notice is necessary to give the parties an adequate opportunity to comment on matters relating to the appropriate sentence; notice also promotes "focused, adversarial resolution of the legal and factual issues" relevant to sentencing. *Id.* (citation omitted). In *United States v. Scott*, 316 F.3d 733 (7th Cir. 2003), we reinforced the holding of *Angle* by ruling that notice is required before imposing terms of supervised release that are "out of the ordinary."

*Id*. at 736 (ruling that a flat ban on use of the internet was such an "unexpected" condition).

In this case, the special conditions regarding education, employment and community service were listed explicitly among the discretionary conditions that a court may impose. *See* 18 U.S.C. § 3563(b). Thus, Mr. McKissic was given constructive notice that they could be imposed without requiring additional notice from the district court. *See United States v. Barajas*, 331 F.3d 1141, 1145 (10th Cir. 2003); *United States v. Lopez*, 258 F.3d 1053, 1055 (9th Cir. 2001) (holding that the district court "did not *depart from* the guidelines, but rather imposed a condition of supervised release that is *contemplated by* the guidelines" when a condition of participation in a mental health program was imposed, so notice was not required) (emphasis in original); *United States v. Mills*, 959 F.2d 516, 519 (5th Cir. 1992). Agreeing with our sister circuits, we now determine that there was adequate notice for the special conditions involving employment, community service and education special conditions because they are contemplated explicitly in the recommended "standard" conditions found in U.S.S.G. § 5D1.3(c) as described above. *See also* 18 U.S.C. §§ 3563(b), 3583(d).

However, the district court should have provided notice to Mr. McKissic that it contemplated imposing a complete ban on alcohol consumption. The only mention of alcohol restrictions comes in the recommended "standard" condition found in U.S.S.G. § 5D1.3(c), which lists, as a discretionary condition, that the defendant "refrain from excessive use of alcohol, or use of a narcotic drug or other controlled substance . . . . " U.S.S.G. § 5D1.3(c)(7); *see also* 18 U.S.C. §§ 3563(b)(7), 3583(d). A total ban on alcohol therefore goes beyond the discretionary condition enum-

erated in the statute and guidelines, and neither the statute nor the guidelines provided Mr. McKissic with notice that a complete ban could be imposed. Because the record does not contain any evidence that Mr. McKissic was aware that the court was contemplating a complete ban, it was error not to provide him notice that such a condition was being contemplated by the district court. Without notice, he was not able to develop meaningful arguments on his behalf; nor was he able to direct the court to evidence that could demonstrate that the condition was not necessary.

Although the district court should have given notice to Mr. McKissic that it contemplated imposing an alcohol restriction not found in the mandatory conditions set forth in 18 U.S.C. § 3583(d), the recommended "standard" conditions in U.S.S.G. 5D1.3(c), or the discretionary conditions in § 3563(b) as incorporated into the supervised release provisions by 18 U.S.C. § 3583(d), we cannot say that the error constituted plain error. It did not "affect substantial rights" because Mr. McKissic can seek modification of the conditions.[2] The district court can modify Mr. McKissic's conditions of supervised release; 18 U.S.C. § 3583(e)(2) states

---

[2] Mr. McKissic also raised a concern at oral argument that he would not be able to afford to pay for alcohol treatment, as required by the special condition imposed by the district court. As he did not raise this issue in his brief, his argument is waived. *See Holman v. Indiana*, 211 F.3d 399, 406 (7th Cir. 2000). Despite this waiver, Mr. McKissic will be able to seek relief. If, after an alcohol assessment, it is determined that Mr. McKissic does not need further treatment, he can seek modification of the condition from the district court. If it is determined that Mr. McKissic does need continued treatment, but he is unable to pay for such treatment, he also can ask the district court to modify the condition that he pay for his own treatment.

that the court "may modify, reduce, or enlarge the conditions of supervised release, *at any time* prior to the expiration or termination of the term of supervised release." (emphasis added). The district court has authority to hear a motion to modify the terms of supervised release under Federal Rule of Criminal Procedure 32.1. *See also United States v. Montiero*, 270 F.3d 465, 472 (7th Cir. 2001). Because the district court can modify Mr. McKissic's conditions, the lack of notice does not rise to the level of plain error.

## Conclusion

For the foregoing reasons, the sentence imposed by the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*