NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008
Decided October 30, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1619

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | 05-cr-125-bbc |
| NOAH P. HEASER, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Noah Heaser stole from his employer, the Mayo Clinic, a variety of items, including computer parts, cameras, microscope lenses, and dental hand pieces, and sold them on eBay. He pleaded guilty in the District of Minnesota to mail fraud, *see* 18 U.S.C. § 1341, and was sentenced to five months' imprisonment and three years' supervised release, and was ordered to pay $136,967 in restitution. After Heaser was

released from prison, the district court in Minnesota transferred jurisdiction over his supervised release to the Western District of Wisconsin. Shortly before that supervision was set to end, Heaser's probation officer petitioned for revocation. Heaser, who was represented by counsel, waived his right to a revocation hearing and admitted that in most months he failed to make the minimum restitution payment of $100, and that after being ticketed for driving offenses he failed to tell his probation officer about the encounter with police. The district court found that Heaser had committed a Grade C violation, *see* U.S.S.G. § 7B1.1(a)(3), and ordered him to serve an additional nine months' imprisonment. The court also imposed a new 18-month term of supervised release. Heaser filed a notice of appeal, but his newly appointed appellate lawyers seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they are unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is adequate, and Heaser has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first evaluate whether Heaser might contest the transfer of jurisdiction from Minnesota to Wisconsin. The district court in Minnesota typed the following language on a standard form:

> IT IS HEREBY ORDERED pursuant to 18 U.S.C. § 3605 the jurisdiction of the named above be transferred with the records of this Court to the United States District Court for the <u>Western District of Wisconsin</u> upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of [sic] may be changed by the District Court to which this transfer is made without further inquiry of this Court.

The district court in Wisconsin then approved the transfer, but no one noticed that the word "supervision" is missing from the second sentence quoted above. Counsel consider making an issue about the missing word but conclude, as do we, that any argument would be frivolous. We have never held that defects in the transfer process are jurisdictional, *see United States v. Bass*, 233 F.3d 536, 537 (7th Cir. 2000) (explaining that § 3605 "merely regulates venue"), but, regardless, the missing word is inconsequential. Not only is the omission obvious from the context, but the second sentence is unnecessary; the first sentence accomplished the transfer of jurisdiction, and by statute the district court in Wisconsin was thus "authorized to exercise all powers" previously held by the sentencing court. 18 U.S.C. § 3605.

Counsel next consider whether Heaser could challenge the decision to revoke his supervised release. Heaser stipulated to the probation officer's allegations and thus waived his right to a contested hearing. *See* FED. R. CRIM. P. 32.1(b)(2); *United States v. LeBlanc*, 175 F.3d 511, 517 (7th Cir. 1999). As counsel note, the record offers no basis to conclude that Heaser's waiver was involuntary. The relevant allegations are detailed in the probation officer's written petition to revoke supervised release, as are the possible statutory penalties and the likely reimprisonment range under the revocation policy statements. *See* U.S.S.G. §§ 7B1.3, 7B1.4. In particular with respect to the unpaid restitution, the probation officer averred that she discussed the payment obligation with Heaser "repeatedly" and that, in response, he characterized the sentencing court's restitution order as an interest-free loan that he would delay paying for as long as possible. Heaser, who claimed to be self-employed, also admitted in court that he was paying $1,000 per month for his children's private-school tuition, and that he purchased two vehicles for his "business." Counsel are right to conclude that any argument about the revocation decision would be frivolous.

Counsel also assess whether Heaser could contest the length of his reimprisonment. We would uphold the term unless it is plainly unreasonable. *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). A district court should give considerable weight to the revocation policy statements, but the record must reveal that the court chose a term of reimprisonment in accordance with the factors listed in 18 U.S.C. § 3553(a). *See Neal*, 512 F.3d at 438; *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). Heaser's reimprisonment range was three to nine months, *see* U.S.S.G. § 7B1.4, and the district court concluded that a term at the top of that range was necessary to deter Heaser and hold him accountable, two factors mentioned in § 3553(a). The court could have gone as high as 24 months, *see* 18 U.S.C. § 3583(e)(3), and we agree with counsel that any challenge to the relatively short period Heaser received would be frivolous.

Finally, counsel consider challenging the special conditions of supervised release. The district court ordered that, while on supervised release, Heaser must have permission from his probation officer to engage in financial transactions of $500 or more, and he cannot engage in self-employment, or accept contract work, or take a job with an immediate relative. The court also directed that he allow his probation officer to search him, his residence, his car, or his office on reasonable suspicion that he possesses contraband or has violated a condition of supervised release. The district court did not comment extensively on these conditions, except to mention that Heaser cannot be trusted to work for himself after violating the conditions of his release.

Because Heaser did not object to the imposition of these conditions, we would review for plain error whether they are reasonably related to the circumstances of his case. *See* 18 U.S.C. § 3583(e); *United States v. Silvious*, 512 F.3d 364, 370-71 (7th Cir. 2008); *United States v. McKissic*, 428 F.3d 719, 721-22 (7th Cir. 2005). As counsel recognize, the conditions prohibiting Heaser from working for himself or an immediate relative are reasonable because he used his "self employment" to conceal from the probation officer purchases with funds that should have gone to his victims and could easily use a business under the name of his wife or a close family member to do the same. As the Eighth Circuit put it in *United States v. Choate*, 101 F.3d 562, 566 (8th Cir. 1996), Heaser "needs an employment situation in which he is not left to his own devices." Moreover, though counsel consider challenging the breadth of the prohibition from working on a contract basis, the lawyers correctly conclude that it would be more expedient for Heaser to ask the district court to modify that condition under § 3583(e)(2) than to attempt to show that the condition violates Heaser's substantial rights and severely compromised the fairness of the judicial proceeding. *See Silvious*, 512 F.3d at 371; *United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007). And, finally, counsel correctly realize that Heaser's failure to report his purchases to the probation officer, and his history of selling stolen property, easily justify the court's judgment that a probation officer should be allowed to search Heaser if there is reasonable suspicion that he violated a condition of his supervision. *See United States v. Monteiro*, 270 F.3d 465, 467, 469 (7th Cir. 2001) (upholding special condition of supervised release that allows any law enforcement officer to search defendant at any time).

We therefore GRANT the motion to withdraw and DISMISS the appeal.