08-4043-cr
United States v. Orozco

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of April, two thousand and ten.**

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> EDWARD R. KORMAN,*
> > *District Judge*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee*,

> v.                                                                No. 08-4043-cr

DAVID OROZCO, also known as
aorozco01@nyc.rr.com

> *Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*     The Hon. Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT: ABRAHAM HECHT (Warren S. Hecht, *on the brief*), Forest Hills, N.Y.

FOR APPELLEE: JASON A. JONES, Assistant United States Attorney (Benton J. Campbell, United States Attorney, and Susan Corkery, Assistant United States Attorneys, *on the brief*), Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **REMANDED** for further proceedings.

This is an appeal from a judgment entered by the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*) convicting David Orozco of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and sentencing him to 30 months imprisonment followed by three years of supervised release. On appeal, Mr. Orozco challenges principally the condition of supervised release requiring him to notify the Probation Department when he establishes a significant romantic relationship and inform the other party to that relationship of his prior criminal history concerning his sex offense.

Subsequent to the district court's entry of judgment against Mr. Orozco, we held in *United States v. Reeves*, 591 F.3d 77 (2d Cir. 2010), that an identical condition of supervised release (1) was unconstitutionally vague, (2) was not "reasonably related" to the sentencing objectives of 18 U.S.C. § 3553, as required by § 3583, and (3) "effect[ed] an unnecessary deprivation of liberty." *Id.* at 80–82. In *Reeves*, the condition was not suggested by the Pre-Sentence Report, nor was it discussed at sentencing. *Id.* at 80. Indeed, the parties first became aware of it when it appeared in the Judgment of Conviction. *Id.* Under these circumstances, even though no objection was taken to the condition

2

at issue, we applied "a relaxed plain error review," *id.*, and reached the merits of the defendant's argument.

Unlike *Reeves*, the condition of supervised release was discussed at sentencing in the present case. More specifically, consistent with his commendable practice, the district judge advised the parties that he would announce his intended sentence and then give them an opportunity to "interpose any legal objection or exception that they [might] have which could lead the Court perhaps to reconsider its sentence from a legal perspective as opposed to a level of punishment perspective." He then went on to explain why he intended to downwardly depart from the minimum 51-month sentence proscribed by the Sentencing Guidelines to a period of 30 months, to be followed by a period of three years of supervised release subject to the following terms and conditions:

> The defendant may be limited to possessing only one personal Internet-capable device to facilitate the Probation Department's ability to effectively monitor his Internet-related activities. The defendant shall also permit random examination of his computer systems, Internet-capable devices, or similar electronic devices and related computer media such as CDs under his control.
> The defendant shall notify the Probation Department when he establishes a significant romantic relationship and then shall inform the other party of his prior criminal history concerning his sex offense. The defendant understands that he must notify the Probation Department of that significant other's address, age, and where the individual may be contacted.

The district judge then asked whether "either side [had] any legal objection or exception it wishe[d] to interpose at this time" to the intended sentence. Mr. Orozco's attorney asked if he could "have a moment" and, after what the transcript indicates was a "pause," responded, "No, your Honor."

We have not decided whether the relaxed form of plain error review is appropriate in the specific factual circumstances present here, where the appellant received notice and an opportunity to object to a condition of supervised release for the first time at his sentencing hearing. These

3

circumstances also distinguish this case from *Reeves* in a way that may affect the manner in which the fourth prong of the plain error rule is applied. *See Johnson v. United States*, 318 U.S. 189, 200–01 (1942); *see also United States v. Caro*, 637 F.2d 869, 876 (2d Cir. 1981); *United States v. Manton*, 107 F.2d 834, 846–48 (2d Cir. 1939). Under that prong, a "court of appeals has the *discretion* to remedy [an] error . . . only if [it] seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotations omitted); *see also United States v. Gordon*, 291 F.3d 181, 191 (2d Cir. 2002).

We need not decide whether traditional or relaxed plain error review applies here, however, nor whether, assuming plain error review is appropriate, the error here may be remanded. The discretion of a district judge to modify a condition of supervised release to eliminate an ambiguity is not circumscribed by the failure of a defendant to raise a timely objection. While a district judge may not modify a sentence because it could not have legally been imposed, *see United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997), he does retain the power to modify conditions of supervised release at any time to eliminate ambiguity and to adjust them to changed conditions. *See* Fed. R. Crim. P. 32.1(c), previously subsection (b). As the Advisory Committee Notes observe, "(1) the probationer should be able to obtain resolution of a dispute over an ambiguous term or the meaning of a condition without first having to violate it; and (2) in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer, the probationer should have recourse to the sentencing court when a condition needs clarification or modification." Fed. R. Crim. P. 32.1(b) advisory committee's note.

We believe that the district court should consider such relief with respect to the condition of probation which *Reeves* held to be vague (and any other condition subject to a claim of ambiguity).

This would afford the district judge the opportunity to define the term "significant romantic relationship" in a way that might eliminate the vagueness objection altogether. Such action could also have the effect of narrowing the scope of the condition in a way that lessens the degree of interference with Mr. Orozco's "right to enter into and maintain intimate personal relationships." *Reeves*, 591 F.3d at 82.

We note that the severity of the consequences to a defendant of an unobjected-to condition of supervised release is relevant to our analysis under either a traditional or relaxed plain error approach. *See United States v. Dupes*, 513 F.3d 338, 343–44 (2d Cir. 2008); *Sofsky*, 287 F.3d at 126. Pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), we conclude that it is appropriate in this case to remand to the district court for the purpose indicated above. Such a remand does not offend the plain error rule, which is embodied in Fed. R. Crim. P. 52(b), because relief pursuant to Fed. R. Crim. P. 32.1 is available for this purpose even when an objection based on ambiguity was not voiced when the sentence was announced. *See United States v. McKissic*, 428 F.3d 719, 726 n.2 (7th Cir. 2005). Within ten days of the district court's ruling on remand, either party to the proceeding may restore the case to this panel by giving notice to the clerk of the court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court