**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015
Decided January 13, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2640

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of |
| | Illinois. |
| *v.* | |
| | No. 13-CR-30209-MJR |
| TERRIL THOMAS, | |
| *Defendant-Appellant.* | Michael J. Reagan, |
| | *Chief Judge.* |

**O R D E R**

Terril Thomas pleaded guilty to distributing cocaine base, see 21 U.S.C.
§ 841(a)(1), and was sentenced as a career offender to 120 months' imprisonment. The
district court determined that Thomas was a career offender, see U.S.S.G. § 4B1.1,
because he was convicted in Illinois in 2008 of unlawfully possessing a controlled
substance with intent to deliver, see 720 ILCS 570/407, and in 2011 of unlawfully
delivering a controlled substance while located within 1,000 feet of a church, see *id.*
570/401. He filed a notice of appeal, but his attorney has concluded that the appeal is
frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967).
Thomas has not accepted our invitation to respond to counsel's motion. See CIR. R. 51(b).

Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first informs us that Thomas does not wish to have his guilty plea set aside, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of Thomas's plea colloquy. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Thomas could argue that the court erred in classifying as relevant conduct his possession of .5 grams of cocaine base that, Thomas had contended, was for his own personal use (raising his base offense level to 14 rather than 12, *compare* U.S.S.G. § 2D1.1(c)(13), *with id.* § 2D1.1(c)(14)). Based on the presentence report, the court held Thomas responsible for 1.5 grams of cocaine base—1 gram that he sold to a confidential informant and .5 grams that the police found during a search of his person (and which Thomas maintained was for his own use). Although drugs possessed for personal consumption may not be included in the relevant conduct analysis for distribution, see *United States v. Sumner*, 325 F.3d 884, 888 (7th Cir. 2003), counsel properly recognizes that this argument would be frivolous because, as a career offender, Thomas's sentence was based on the statutory maximum for his offense of conviction, not the drug-quantity provisions of U.S.S.G. § 2D1.1. See U.S.S.G. § 4B1.1(b)(3); *United States v. Redmond*, 667 F.3d 863, 872 (7th Cir. 2012).

Counsel next considers whether Thomas could argue that his 120-month sentence—below his calculated guidelines range of 151 to 188 months—is substantively unreasonable because of his youth and lack of education. But a below guidelines sentence is presumed reasonable, see *United States v. Lidell*, 543 F.3d 877, 885 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and we agree with counsel that the record presents no basis to set that presumption aside. The district court acknowledged Thomas's personal characteristics, including his impoverished childhood, his lack of both education and job training, and his youth (age 25 at the time of his most recent conviction), see 18 U.S.C. § 3553(a)(1), but deemed these considerations outweighed by the serious nature of his current drug offense and his extensive criminal history, see *id.* § 3553(a)(2)(A),(D).

Counsel finally considers whether Thomas could challenge one of his conditions of supervised release—participation in "any program deemed appropriate to improve job readiness skills," including a GED or Workforce Development Program. But we

agree with counsel that such an argument would be frivolous. Thomas forfeited any challenge to any of the special conditions by not contesting them at sentencing. See *United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007). In any event job training and GED preparation are explicitly listed among the discretionary conditions that a court may impose, see 18 U.S.C. § 3563(b)(4) (district court may impose condition that defendant "pursue conscientiously a course of study or vocational training that will equip him for suitable employment"); *United States v. McKissic*, 428 F.3d 719, 725–26 (7th Cir. 2005), and this is not a case in which a supervised release directive to obtain a GED is unrelated to the offense, *cf. United States v. Smith*, 770 F.3d 653, 657 (7th Cir. 2014).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.