**James FAULDS, Jr., Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**No. 13–3262.**

United States Court of Appeals, Seventh Circuit.

Submitted June 26, 2015.*

Decided July 8, 2015.

Rehearing and Rehearing En Banc Denied Sept. 17, 2015.**

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

** Judge Joel M. Flaum did not participate in the consideration of this matter.

James Faulds, Jr., Fort Dix, NJ, pro se.

Jason M. Bohm, Office of the United States Attorney, Urbana, IL, for Respondent–Appellee.

Before DIANE P. WOOD, Chief Judge, WILLIAM J. BAUER, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

## ORDER

James Faulds is serving a 360–month sentence for possessing and distributing child pornography. In this collateral attack under 28 U.S.C. § 2255, Faulds argues that he was deprived of effective assistance of counsel in his direct appeal. The district court denied Faulds's motion to vacate, correct, or set aside his sentence. Because Faulds identifies no prejudice from his appellate counsel's assistance, we affirm.

### I

In July 2006 an undercover investigator downloaded 12 still images and one video that Faulds had made available in an Internet chatroom. The downloaded images depict the sexual abuse of two prepubescent females. Federal agents executed a search warrant on Faulds's home and seized computers, CDs, and a DVD, which the agents later discovered contained 9,869 still images and 719 videos of child pornography. Faulds was charged with one count of possessing child pornography, see 18 U.S.C. § 2252(a)(4)(B), and one count of distributing child pornography, see *id.* § 2252(a)(2). Faulds represented himself during the four-day trial. He attempted to defend himself by testifying that federal agents and third-party hackers had planted the contraband on his computers and discs, but the jury did not believe him and returned guilty verdicts on both counts.

At sentencing, the district court calculated a total offense level of 42, which included upward adjustments because Faulds had possessed images depicting prepubescent minors and sadistic or masochistic conduct, see U.S.S.G. § 2G2.2(b)(2), (b)(4); distributed child pornography to a minor,

see *id.* § 2G2.2(b)(3)(C); used a computer to commit the offenses, see *id.* § 2G2.2(b)(6); possessed more than 600 images, see *id.* § 2G2.2(b)(7)(D); and obstructed justice by falsely testifying at trial, see *id.* § 3C1.1. The intersection of his adjusted offense level and his criminal-history category I produced a recommended imprisonment range of 360 months to life. The court sentenced Faulds to a total term of 360 months' imprisonment—the statutory maximum for the two counts when served consecutively, see 18 U.S.C. § 2252(b)(1), (2). It also imposed a lifetime term of supervised release with 13 standard conditions and eight special conditions. Three special conditions are at issue in this appeal: first, Faulds may "not receive or transmit any sexually arousing material, including child pornography, via the internet nor visit any website, including chat rooms or bulletin boards, containing any sexually arousing material"; second, he may not "possess nor have under [his] control any material, legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material"; and third, he must "refrain from any use of alcohol."

After unsuccessfully arguing on direct appeal in 2010 that the Double Jeopardy Clause barred convictions for both possessing and distributing child pornography, *United States v. Faulds*, 612 F.3d 566 (7th Cir.2010), Faulds challenged his convictions and sentence under 28 U.S.C. § 2255. He raised a variety of theories of ineffective assistance at both the trial and appellate levels, including that his appellate counsel was ineffective for failing to object to some of his conditions of supervised release. The district court denied his motion, but we determined that Faulds had "made a substantial showing as to whether his appellate attorney rendered constitutionally ineffective assistance" and

granted Faulds a certificate of appealability. We directed the parties to "address, in addition to any other grounds they may identify, whether Faulds's appellate counsel was ineffective for failing to challenge the district court's imposition of special conditions of supervised release including lifetime bans on consuming alcohol and receiving or transmitting sexually arousing material."

## II

We begin our consideration of Faulds's appeal with the question whether Faulds received ineffective assistance of appellate counsel because of counsel's failure to challenge the three identified conditions of supervised release. Faulds must show first that his attorney's performance was deficient. To do so, he must demonstrate that a challenge to the supervised-release conditions on appeal was both "significant and obvious," see *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir.2008), and "clearly stronger," see *id.*, than the double-jeopardy issue that appellate counsel actually raised. Second, Faulds "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For this purpose, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Faulds contends that appellate challenges to the conditions restricting alcohol use and sexual materials were significant, obvious, and clearly stronger than the double-jeopardy challenge. He argues that the district court erred by not warning him before sentencing that it was considering imposing these special conditions of supervised release. In particular, Faulds contends that the alcohol ban bears no relation to his personal history and

crimes and that the prohibition on possessing legal depictions of nudity is vague and overbroad.

Neither the record nor the law supports Faulds's position on the alcohol condition. An appellate challenge to the alcohol ban was neither significant nor obvious. Faulds reported to his probation officer that he drank "like a fish" for years. An admission of a history of alcohol abuse is sufficient to support a discretionary supervised-release condition that bans alcohol consumption, because the ban can assist rehabilitation. See *United States v. McKissic*, 428 F.3d 719, 722–23 (7th Cir.2005); *United States v. Schave*, 186 F.3d 839, 841–43 (7th Cir.1999). Counsel thus could reasonably have chosen not to challenge that ruling on appeal. See *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir.1993) (explaining that Sixth Amendment does not require counsel to "press meritless arguments before a court"). And though the district court should have given Faulds a chance to challenge this condition before imposing it, see *McKissic*, 428 F.3d at 726, that misstep was harmless. In light of his personal history of alcohol abuse, an appellate challenge to the discretionary alcohol ban would have been unsuccessful.

We will assume, however, that an appellate challenge to the district court's decision to impose the sexual-material conditions was "significant and obvious" and stronger than the double-jeopardy argument. When Faulds appealed in 2010, many of our sister circuits had vacated similar conditions as vague and overly broad. See *United States v. Antelope*, 395 F.3d 1128, 1141–42 (9th Cir.2005) (vacating condition that forbade possession of "any pornographic, sexually oriented or sexually stimulating materials"); *United States v. Cabot*, 325 F.3d 384, 386 (2d Cir.2003) (similar); *United States v. Phipps*, 319

F.3d 177, 192–93 (5th Cir.2003) (narrowing ban on "sexually oriented or sexually stimulating materials" in order to avoid vagueness concerns); *United States v. Loy*, 237 F.3d 251, 261–62, 264–65 (3d Cir.2001) (striking condition that forbade possession of "all forms of pornography"). Though we had not yet ruled on the constitutionality of these conditions in 2010, these decisions reflected a substantial appellate question about the constitutionality of bans on legal pornography and other sexually stimulating materials. See *United States v. Otero*, 502 F.3d 331, 336 (3d Cir.2007) ("[C]ounsel's failure to cite favorable decisions from other courts of appeals indicates deficient performance."); *United States v. Franks*, 230 F.3d 811, 814 (5th Cir.2000) (same). A challenge to these conditions may have been more worthwhile than counsel's argument that counts charging separate violations of the same statute at different times violated the Double Jeopardy Clause. See *United States v. Snyder*, 189 F.3d 640, 647 (7th Cir.1999); see also *Faulds*, 612 F.3d at 571.

Even so, Faulds cannot show that he suffered prejudice from appellate counsel's omission of any challenge to these conditions. Faulds did not preserve a challenge to these conditions by objecting to them in the district court when he was acting *pro se*. See *United States v. Fluker*, 698 F.3d 988, 997 (7th Cir.2012) (explaining that parties must state specific grounds for objection to preserve issue for appeal); *United States v. Wynn*, 845 F.2d 1439, 1442 (7th Cir.1988) (same). We recognize that this may have something to do with the lack of a warning before sentencing that the judge was considering imposing these conditions. And "[w]e recently recognized some tension in our cases as to the proper standard of review in these circumstances." *United States v. Shannon*, 743 F.3d 496, 499 (7th Cir.2014) (observing

that some cases review for abuse of discretion and others review under the more demanding plain-error standard); see *United States v. Kappes,* 782 F.3d 828, 844 (7th Cir.2015); *United States v. Goodwin,* 717 F.3d 511, 522 (7th Cir.2013). But the district court did provide an opportunity for Faulds to object *after* imposing the sentence. And in similar circumstances we have observed that "it is far better to air and resolve the matter in the district court than to bypass available opportunities for correction and save the issue for appeal." *United States v. Bartlett,* 567 F.3d 901, 910 (7th Cir.2009); see *Kappes,* 782 F.3d at 844.

Given the absence of a trial-court objection, the uncertainty of the standard of appellate review, and the uncertainty of the validity of the conditions, we cannot say that, had his attorney raised in 2010 an appellate challenge to these conditions, there is a reasonable likelihood that we would have vacated them. See *United States v. Silvious,* 512 F.3d 364, 371 (7th Cir.2008) (on plain-error review, refusing to vacate overbroad conditions of supervised release because they can be modified at any time); *United States v. Tejeda,* 476 F.3d 471, 475 (7th Cir.2007) (same); *McKissic,* 428 F.3d at 726 (same). (Though recent cases from this circuit have vacated supervised-release conditions on plain-error review, see, *e.g., United States v. Cary,* 775 F.3d 919, 923–26 (7th Cir.2015); *United States v. Adkins,* 743 F.3d 176, 193–94 (7th Cir.2014), we analyze the performance of Faulds's appellate counsel based on the law as it existed at the time of his direct appeal, see *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Valenzuela v. United States,* 261 F.3d 694, 700 (7th Cir.2001); *Lilly,* 988 F.2d at 786.) Applying the correct perspective, we conclude that Faulds has not shown prejudice.

█ Faulds has also pointed to seven additional ways in which he believes appellate counsel rendered ineffective assistance. The government, relying on a recent decision from this court, urges us to ignore them as outside the scope of the certificate of appealability. See *Peterson v. Douma,* 751 F.3d 524, 529 n. 1 (7th Cir.2014) (rejecting argument that, "in certifying one theory of ineffective assistance we opened the door to all others," because statute explaining certification requirement "speaks of certifying 'issues' rather than 'claims,' and our cases treat separate theories of ineffective assistance as separate issues"). But *Peterson* is distinguishable because the certificate there limited the petitioner to a specific issue. The certificate stated that the petitioner had "made a substantial showing as to whether he was denied his Sixth Amendment right to counsel when his defense attorney at trial failed to move to suppress Peterson's statement to an off-duty police officer." The certificate here, in contrast, notes that Faulds had "made a substantial showing as to whether his appellate attorney rendered constitutionally ineffective assistance," and directs the parties to address the supervised-release conditions and "any other grounds that the parties may identify." Moreover, we have explained before that "a certificate based on ineffective assistance of counsel brings up for appellate review all actions of counsel that the petitioner addressed in the district court." *Gardner v. United States,* 680 F.3d 1006, 1009 (7th Cir.2012); see *Thompson v. Battaglia,* 458 F.3d 614, 616 (7th Cir.2006); *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir.2005).

█ Although we do not reject Faulds's additional points on the technical ground suggested by the government, only one of them warrants comment. Faulds raises a troubling contention about an *ex parte* communication between the judge and the jury. He argues that his appellate attor-

ney should have called this to our attention on direct appeal. See *United States v. Smith*, 31 F.3d 469, 471 (7th Cir.1994) (criticizing *ex parte* communications between judge and jury as "pregnant with possibilities for error") (internal quotation marks and citation omitted); *United States v. Collins*, 665 F.3d 454, 460 (2d Cir.2012) (same). The record reveals that, before jury selection, the judge explained that he needed to "go talk to the jurors about last-minute questions." He was gone for 20 minutes outside the presence of Faulds and the prosecutor, and the content of that conversation is not in the record. But Faulds would have had a difficult time pressing this argument on appeal because he was aware of the communication when it occurred and yet did not object, thereby depriving the judge of a chance to cure the problem by creating a record of the communication or conducting his conversation in open court. See *United States v. Walker*, 160 F.3d 1078, 1083 (6th Cir.1998) (explaining that defendant who waits until appeal to object to extraneous influences on jury "bears a heavy burden, since the defendant has thereby effectively deprived this court of any basis for concluding that a hearing would be necessary"). We would have reviewed this claim only for plain error, see *United States v. Rivera–Rodriguez*, 617 F.3d 581, 600 (1st Cir.2010); *United States v. McDonald*, 933 F.2d 1519, 1524 (10th Cir. 1991), and given the absence of any indication of prejudice in the record, we would not have remanded Faulds's case on this basis.

We have examined the remainder of Faulds's theories of ineffectiveness, and none merits further discussion.

AFFIRMED.