**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4446**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID REEVES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:18-cr-00265-1)

Submitted: December 19, 2019                    Decided: January 8, 2020

Before WILKINSON, MOTZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, David A. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, Ryan A. Keefe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Reeves, a substance abuse counselor, pled guilty to distribution of fentanyl to clients and was sentenced to 16 months in prison, to be followed by 36 months of supervised release. On appeal, Reeves challenges the "vulnerable victim" enhancement, U.S. Sentencing Guidelines Manual § 3A1.1 (2018), and the special conditions of supervised release requiring evaluation as a sex offender, treatment if required, and testing at the behest of his probation officer. We affirm.

With regard to the sentencing enhancement, Reeves argues that there is no "victim" of a drug crime, other than society at large. Further, he claims that the facts do not show that the victim was unusually vulnerable. Finally, he asserts that his enhancements for both abusing a position of public trust and for a vulnerable victim constituted impermissible double counting.

The vulnerable victim enhancement is applied when the defendant "knew or should have known that a victim of the offense was a vulnerable victim," defined as someone "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1(b)(1) & comment. 2. Application of USSG § 3A.1. is a factual finding subject to clear error review. *See United States v. Amedeo*, 370 F.3d 1305, 1317–18 (11th Cir. 2004). Contrary to Reeves' contention, the vulnerable victim enhancement can be applied where the defendant was convicted of drug crimes. *See id.* (distribution of cocaine to a person under 21); *see also United States v. Volkman*, 797 F.3d 377, 398 (6th Cir. 2015) (applying enhancement to a doctor convicted of unlawful drug distribution); *United States v. Singh*, 54 F.3d 1182,

1191-93 (4th Cir. 1995) (doctor convicted of distributing controlled substances outside scope of medical practice); *United States v. Milstein*, 401 F.3d 53, 74 (2d Cir. 2005) (distribution of misbranded prescription drugs).

Turning to the question of whether the victim was appropriately "vulnerable" in this case and whether there was any double counting, our decision in *Singh* is instructive. In *Singh*, we remanded for resentencing because the district court's factual findings were insufficient to support the vulnerable victim enhancement. 54 F.3d at 1193-94. We noted that the district court must find the doctor chose particular patients as victims because of a vulnerability. *Id.* at 1194-94. The defendant, a doctor, also received an enhancement for abusing a position of trust. *Id.* at 1186. While acknowledging both enhancements might appropriately be applied when there is "evidence to support each enhancement individually," we also warned it would constitute impermissible double counting if the vulnerable victim enhancement was based solely on "the element of trust inherent in the doctor/patient relationship itself." *Id.* at 1193 n.7. As such, we have approved applying both enhancements when there is evidence to support them. *See United States v. Hill*, 322 F.3d 301, 307 (4th Cir. 2003).

Here, the district court found the following: the victim was an addict in recovery, a particularly vulnerable time; she was required to see Reeves to continue to receive treatment; Reeves was aware of her addiction and her reliance on treatment; the victim had pain related to foot surgery, of which Reeves was aware; and Reeves made sexual advances to the victim. In addition, the court noted that the vulnerable victim enhancement focused

3

on the victim's circumstances and Reeves' knowledge of them; while the abuse of trust enhancement focused on Reeves' status as a substance abuse counselor.

While drug addiction alone may not make a victim vulnerable, *see Volkman*, 797 F.3d at 398, addiction coupled with additional, appropriate findings regarding the victim's situation can be sufficient. *See United States v. Guidry*, 817 F.3d 997, 1009 (7th Cir. 2016). Here, given the additional facts regarding the victim's circumstances, the district court did not clearly err in finding that the victim was a vulnerable victim. In addition, because the vulnerable victim enhancement relied upon these facts, rather than Reeves' status as a counselor, there was no double-counting.

Turning to the supervised release conditions, "[d]istrict courts are afforded broad latitude to impose conditions on supervised release," and we review such conditions only for abuse of discretion. *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). "The [district] court may impose any special condition that is reasonably related to the [relevant] statutory sentencing factors" in 18 U.S.C. § 3553(a) (2018), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide for adequate deterrence, the need to protect the public, and the need to provide the defendant with training, medical care, or treatment. *Douglas*, 850 F.3d at 663 (internal quotation marks omitted); see 18 U.S.C.A. § 3583(d) (West 2015 & Supp. 2019). The district court "must also ensure that the condition involves no greater deprivation of liberty than is reasonably necessary" and that it is consistent with Sentencing Commission policy statements. *Douglas*, 850 F.3d at 663 (internal quotation marks omitted); *see United States v. Dotson*, 324 F.3d 256, 260-61 (4th

4

Cir. 2003). A "particular restriction does not require an offense-specific nexus, but the sentencing court must adequately explain its decision and its reasons for imposing [the chosen conditions]." *Douglas*, 850 F.3d at 663 (internal quotation marks omitted).

While Reeves was not convicted of a sex offense, "[s]ex offender conditions of supervised release may be imposed, even at sentencing for crimes which are not sex crimes, if supported by § 3583(d)." *Id.* at 663 (internal quotation marks omitted). In addition, the fact that Reeves has never been convicted of a sex crime, while part of his history and characteristics, is not a determinative factor. *See United States v. McKissic*, 428 F.3d 719, 722-23 (7th Cir. 2005) (upholding ban on alcohol use where defendant had not been diagnosed as alcoholic and offense was unrelated to alcohol use); *United States v. Prochner*, 417 F.3d 54, 63 (1st Cir. 2005) (upholding special conditions mandating sex offender treatment even though the defendant had not been convicted or accused of actual sexual misconduct, where the record contained evidence that defendant had the desire to have sex with minors).

We conclude that the district court did not abuse its discretion in finding that the sex offender conditions here supported the goals of supervised release based on the evidence in the record. The district court explicitly considered that Reeves was engaged in exploitive and inappropriate sexual conduct with clients. The court noted that the restrictions were necessary to protect the public, to assist Reeves with re-entry into society, and to address any psychological or emotional problems. The court also attempted to narrowly tailor the conditions, by ordering an examination and testing and only requiring counseling and

5

treatment if required after the evaluation.  Accordingly, the conditions of supervised release were well within the court's broad discretion.

We affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*